Argued April 17, affirmed April 30, rehearing denied May 21, 1918.

# YETT *v.* OREGON SURETY & CASUALTY CO.

### (172 Pac. 486.)

**Insurance—Payment of Premiums—Waiver as to Time.**

1. Under accident policy providing that premiums are due on the first of each month, and that acceptance of a renewal premium shall be optional with the company, the insurance being in effect from month to month, the company need not accept a premium after the first of the month and after insured has been killed, though the company's collector had for several months been in the habit of calling at insured's office later than the first of the month, and collecting the premium for the month; this not proving a waiver of the provision of the policy as to future premiums.

   [As to what amounts to a waiver of payment of premium, see note in 29 Am. Rep. 777.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.

This was an action to recover upon an insurance policy. Attached to the complaint was a copy of the policy which, among other things, contained the following stipulation:

"Premiums are due on the first day of each month, in advance, and must be so paid either at the Home Office of the Company, or to such persons as may be designated by the company in writing to receive them.

"In consideration of the policy fee of Five Dollars and of the premium of $1.50, and of the application which is made a part hereof, a copy of which is endorsed hereon, Does hereby insure Mr. Charlie E. Yett, an Office Manager by occupation, subject to all conditions and limitations hereinafter contained, from 12 o'clock noon, standard time at the place and of the day this contract is countersigned, until 12 o'clock noon, such standard time, of the first day of January, 1916, and for such further periods, stated in the renewal agreements, as the premiums paid will maintain this policy in force.

"The acceptance of any renewal premium shall be optional with the Company. If a past due premium shall be accepted on this policy by the Company, or by a branch office, or by a duly authorized agent of the Company in the city, town or county in which the assured shall reside, or by a duly authorized agent of the Company who accepted the last premium on the policy, if so authorized at the time of acceptance of the past due premium, such acceptance shall reinstate the policy in full as to death, disability or loss resulting from 'such injury' thereafter sustained, but shall only reinstate the policy as to disability from illness which begins more than ten days after the date of such acceptance. The payment of any past due premium shall not continue this insurance in force beyond the first day of the succeeding month. Under the payment of any claim hereunder, any premium then due and unpaid or covered by any written pay order may be deducted therefrom.

"No assignment of, change in this policy, or waiver of any of its conditions shall be valid, unless agreed to in writing by the President, a Vice-President, or General Manager of the Accident Department of the Company, and attached hereto or endorsed hereon."

The complaint contained *inter alia* the following allegations:

"That the said Charlie E. Yett was killed on the 3d day of July, 1916, in Portland, Oregon, solely through external, violent and accidental means.

"That it was and is the business usage and custom of the defendant from the time of the inception of the said policy, to the death of the said Charlie E. Yett to receive and receipt for the monthly payments of $1.50 at such times as the collector of said company should call for the same from the said Charlie E. Yett at the office of the said Charlie E. Yett at the place named in the application for said policy, to wit, the office of the City Motor Trucking Company, in Portland, Oregon, whether during the month for which insurance was paid by said $1.50 or the month following.

"That in accordance with such business usage and custom of the defendant, the defendant was accustomed to receive, and the said Charlie E. Yett was accustomed to pay the monthly payments of $1.50 to and through an officer of said company, bearing the title of 'Field Manager,' at the office of the said City Motor Trucking Company, in Portland, Oregon; that it was the usage and custom of the defendant to have its said Field Manager call to make collections at the office of the said City Motor Trucking Company, and there receive payment of the monthly sums of $1.50; that during the months of December, 1915, and January, February, March, April, May and June, 1916, payments were made for said months respectively by the said Charlie E. Yett to Chester Drake, as such Field Manager and collector, authorized to receive the same for and on behalf of the company, pursuant to such usage and custom, at the office of the said City Motor Trucking Company, on the following dates, to wit:

"For December, 1915, on November 30, 1915.

"For January, 1916, on January 10, 1916.

"For February, 1916, on February 12, 1916.

"For March, 1916, on March 11, 1916.

"For April, 1916, on April 10, 1916.

"For May, 1916, on May 15, 1916.

"For June, 1916, on June 5, 1916.

"That the said Chester Drake was authorized by the defendant to make such collections, and was authorized to collect at such times, and did so collect and receive and receipt for said payments monthly, after the first of each month, as aforesaid, which payments were received by the defendant.

"That on or about the 9th day of July, 1916, the plaintiff notified the defendant company of the said accident and demanded payment of the sum of $400, designated in said policy as the amount to be paid for loss of life, to the beneficiary.

"That the defendant at said time refused to make payment, and specifically denied liability on the ground that the premium had not been paid for the month of July, 1916.

"That it is provided in said policy as follows: '(3) The acceptance of any renewal premium shall be optional with the Company'; and it is further provided therein, 'Upon the payment of any claim hereunder any premium then due or unpaid or covered by any written pay order, may be deducted therefrom'; that defendant has by its acts aforesaid in the matter of collecting the said monthly premium at the times and dates and in the manner hereinbefore pleaded, intentionally and deliberately led the said Charlie E. Yett to believe that the acceptance of the renewal premium would continue to be made in the manner aforesaid, and that upon the payment of any claim under said policy the premium then due or unpaid or covered by a written pay order, might be deducted therefrom."

A general demurrer to the complaint being sustained, and plaintiff declining to plead further, there was judgment for defendant from which plaintiff appeals.                                                   AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Sanderson Reed.*

For respondent there was a brief over the name of *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. S. C. Spencer.*

McBRIDE, C. J.—1. The policy sued upon is practically an insurance from month to month. On December 2, 1915, the first premium was paid and by virtue of such payment deceased stood insured until January 1, 1916. Upon that date the contract of insurance expired unless the insured person chose to renew it for another month, by paying upon January 1, 1916, the sum of $1.50, which payment renewed the policy for another month. In effect, a payment of $1.50 on the first day of each month was equivalent to the taking

out of a new policy for that month. The company was not bound to accept a renewal premium even if tendered, upon the first day of the month, any more than it would have been bound to insure the deceased in the first instance. This is made clear by a clause of the policy which reads: "The acceptance of any renewal premium shall be optional with the company." In the exercise of this option the company might accept the renewal premium on the first of the month, or at any time during the month, and such acceptance would renew the policy for that month, but such acceptance could not give the insured, or his beneficiary, any rights beyond those accruing for the remainder of the current month. The fact that for several months the defendant's collector had been in the habit of calling at the office of the insured at dates later than the first of the month and collecting the premium for the current month does not prove a waiver of any provision of the policy as to future premiums. Unless some agreement to that effect is shown, which is not the case here, the insured would not have been technically in default by failure to pay $1.50 on the first of each month. A default arises when a party fails to do something which he has bound himself to perform. Here the insured had not bound himself to pay any sum at any time. The renewal of his policy which, in legal effect was the purchase of further insurance, was optional with him. He could extend his insurance from month to month by payment of the premium on the first of each month, but he was under no contract so to do and, as already shown, the defendant was not bound by any contract to continue his policy in force from month to month, even upon the tender of the usual premium upon the first of the month. The fact that the company has accepted payments after the first

of the month in several instances, could not impose upon it the duty of doing so indefinitely, and to so hold would be to contradict the plain terms of the contract, and to make obligatory upon defendant a duty to renew the policy from month to month whether the premium was paid upon the first or later. Had the company agreed with insured that it would dispense with payments upon the first of the month, and that a payment at any time during the month for any number of months in the future should operate to renew the policy, an estoppel might arise against it, but no such agreement is pleaded, and the fact that in several instances it had collected the premium after the first of the month, and thereby allowed the deceased to reinsure when it might have refused him that privilege, does not argue that such leniency on the part of the insurer conferred upon the insured future rights beyond those arising from the terms of his policy.

The judgment of the Circuit Court is affirmed.

AFFIRMED.　REHEARING DENIED.

MOORE, McCAMANT and BEAN, JJ., concur.